UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-CR-00074 JAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL AND |
| v. | MOTION FOR A NEW TRIAL |
| DUANE ALLEN EDDINGS, | |
| Defendant. | |

This matter is before the Court on Defendant Duane Eddings's ("Eddings") Motion for Acquittal and Motion for New Trial (Doc. # 155). The United States of America (the "government") opposes the motion (Doc. # 166), and Eddings filed a reply to the opposition (Doc. # 169). Eddings moves the Court for judgment of acquittal and a new trial on Counts 3 and 4 of the Superseding Indictments, arguing there was insufficient evidence from which the jury could reasonably find Eddings guilty; on Counts 8, 9, and 10 of the Superseding Indictment on the grounds that the government either constructively amended the indictment at trial or fatally varied from the indictment; and on Counts 11 and 12 on the grounds that

the government provided insufficient evidence to support a conviction.  For the reasons set forth below, Eddings's motion is DENIED in its entirety.

## I. LEGAL STANDARD

When considering a Rule 29 motion for a judgment of acquittal, the evidence adduced at trial is viewed in the light most favorable to the government, and an acquittal should not be ordered where "any rational trier of fact could find each essential element of the crime beyond a reasonable doubt." United States v. Mosley, 465 F.3d 412, 415 (9th Cir. 2006) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).

When considering a Rule 33 motion for a new trial based on the sufficiency of the evidence, a court may grant a motion for a new trial only if it "concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred . . . ." United States v. A. Lanoy Alston, D.M.D., P.C., 974 F.2d 1206, 1211–12 (9th Cir. 1992) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir.1980)).

## II.  Counts 3-4 and 8-10

Eddings incorporates by reference his arguments with regard to these counts from his pre-judgment Motion for Acquittal (Doc. # 135).  The Court denied that motion on November 21, 2011 (Doc. # 157).  For the same reasons discussed in the Court's November 21 order, Eddings's current motion is DENIED.

///

///

III. Counts 11 and 12

Eddings argues that acquittal or a new trial on Counts 11 and 12, both for mail fraud in violation of 18 U.S.C. § 1341, should be granted because the government did not produce evidence sufficient for a reasonable jury to find Eddings guilty beyond a reasonable doubt.[1]  At trial, the government presented evidence that Eddings engaged in a scheme to defraud creditors by filing for bankruptcy and then hiding assets from the bankruptcy court.  Eddings argues the mailings in Counts 11 and 12 were sent as a matter of course in the bankruptcy proceeding, and were accordingly not part of a scheme to defraud.  Eddings also argues that both mailings were sent to Robert Brown, whom the government contends was not one of Eddings's creditors, and was thus not defrauded by the bankruptcy scheme.

The government responds that the mailings in Counts 11 and 12 were mere jurisdictional requirements, and that the notices identified in Counts 11 and 12 were essential parts of the scheme to defraud.  The government contends that the first notice was mailed to creditors to inform them of a stay, and that the second notice was mailed to inform them of the discharge of Eddings's debts in bankruptcy.  This discharge was, the government, argues the point of Eddings's scheme to defraud.

To support a mail fraud charge, the mailings need not be an essential part of the scheme, but they must be made or caused to be

---

[1] 18 U.S.C. § 1341 reads in pertinent part, "Whoever, having devised . . . any scheme or artifice to defraud . . . for the purpose of executing such scheme or artifice or attempting so to do . . . knowingly causes to be delivered by mail . . . any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both."

1  made for the purpose of executing the scheme.  United States v.
2  Mitchell, 744 F.2d 701, 703 (9th Cir. 1984) (citing United States
3  v. Maze, 414 U.S. 395, 400 (1974); United States v. Bohonus, 628
4  F.2d 1167, 1173 (9th Cir. 1980)).
5       Eddings relies on Parr v. United States, 363 U.S. 370 (1960).
6  In that case, the defendants were convicted of mail fraud in
7  furtherance of a scheme to embezzle funds from a school district.
8  Id. at 372-73.  The government in that case presented evidence that
9  when the school district sent tax bills to taxpayers, the
10 defendants converted the payments sent back by the taxpayer to
11 their private use.  Id. at 375-76.  The Parr court found that the
12 school district tax bills were not sufficient to satisfy the
13 mailing requirement of mail fraud because the school district would
14 have sent the bills even if the scheme did not exist.  Id. at 391.
15 Eddings's argument is that if the school district's tax bills in
16 Parr were not the proper basis for a § 1341 conviction, then
17 neither are the bankruptcy notices in this case.
18      The Court finds Eddings's argument unpersuasive.  In this
19 case, the evidence showed that Eddings filed bankruptcy, causing
20 the notices in Counts 11 and 12 to be sent by the court.  Unlike
21 the notices in Parr, if Eddings had not schemed to defraud his
22 creditors by misrepresenting his assets to the bankruptcy court, no
23 notices would have been sent.  Additionally, as the government
24 points out, Eddings supplied the list of creditors used by the
25 bankruptcy court.  Thus, Eddings caused the mailings to be sent by
26 the bankruptcy court.
27      Eddings also argues that the mailings in Counts 11 and 12 were
28 not the proper bases for a § 1341 conviction because both notices

4

were to Robert Brown, a witness for the government that was not one of Eddings's creditors and was thus not defrauded personally. Eddings, citing United States v. Lazarenko, 564 F. 3d 1026, 1036 (9th Cir. 2009), argues that the mailings were too early and too late to be considered part of the scheme to defraud.  The government responds that § 1341 only requires that the mailings are used in connection with the fraud, not that the recipient was a victim.  The government argues that the first mailing put creditors on notice that Eddings sought discharge of his debts, and the second alerted them that the debts were discharged making both mailings central to Eddings's scheme to defraud his creditors.

    The Court agrees with the government's arguments.  In this case, the evidence showed that the mailings achieved the ends of the scheme by informing creditors that their debts against Eddings were discharged.  The bankruptcy mailings were used to further the scheme to defraud, and the mailings to Mr. Brown meet the jurisdictional element of § 1341.  See Neder v. United States, 527 U.S. 1, 20-21 (1999) (holding that the mailing requirement is jurisdictional in nature, but the activity criminalized by § 1341 is the scheme to defraud).

    Eddings's reliance on Lazarenko is misplaced.  In that case, the wires at issue occurred three or four years after the defendant's scheme to defraud ended.  Lazarenko, 564 F.3d at 1036. In this case, the bankruptcy mailings were mailed as part of the bankruptcy proceedings, which the evidence fairly showed were the main vehicle by which Eddings discharged his debts while concealing assets in order to defraud his creditors.

///

## IV. ORDER

For the reasons discussed above, the Court finds that the evidence adduced at trial was sufficient for a rational trier of fact to find Eddings guilty beyond a reasonable doubt on all charges. The Court also finds that Eddings is not entitled to a new trial because the evidence does not preponderate heavily against the verdict. Accordingly, Eddings's motion is DENIED in its entirety.

IT IS SO ORDERED.

Dated: March 16, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE