UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>DUANE ALLEN EDDINGS,<br><br>    Defendant/Petitioner. | Case No: 2:09-cr-00074 JAM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Duane A. Eddings has filed a pro se Petition for Writ of Mandamus, EFC No. 294, which has been docketed as a request for court order terminating restitution deductions,[1] as well as a motion to expedite consideration of the mandamus petition, ECF No. 299. Both matters have been referred to the undersigned U.S. Magistrate Judge. ECF No. 301. The government has opposed the petition, ECF No. 306, and petitioner filed a reply, ECF No. 307. For the reasons that follow, the undersigned concludes that mandamus jurisdiction is lacking, and that the petition should be denied.

////

---

[1] As discussed below, defendant does not seek a court order directly terminating his restitution deductions. Rather, he seeks a court order compelling the United States to provide him a due process hearing or "equivalent hearing" under the Internal Revenue Code regarding the lien arising from his restitution obligation.

I.     Background

On February 26, 2009, Mr. Eddings and his co-defendant were indicted on numerous fraud-related charges. ECF No. 1. Mr. Eddings was ultimately charged by superseding indictment on May 12, 2011, with six counts of mail fraud, in violation of 18 U.S.C. § 1341; three counts of wire fraud, in violation of 18 U.S.C. § 1343; three counts of money laundering, 1 in violation of 8 U.S.C. § 1957, and three counts of tax evasion, in violation of 26 U.S.C. § 7201. ECF No. 81. Petitioner went to trial, and on November 4, 2011, the jury found him guilty on all counts. ECF No. 141.

Mr. Eddings was sentenced on April 24, 2012, and restitution was ordered in the amount of $5,880,450.62. ECF No. 197. On November 7, 2014, the Court of Appeals affirmed the convictions, vacated the sentence, and remanded for resentencing. ECF No. 230. The appellate court found error regarding various Guidelines adjustments, but the amount of restitution was not challenged on appeal. Id. Petitioner was resentenced on May 17, 2016. ECF No. 282. The original restitution amount was re-imposed. Id.

On April 29, 2019, Mr. Eddings filed the instant pro se petition for mandamus relief. ECF No. 294. In it, he seeks a court order compelling the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office to provide a hearing pursuant to 26 U.S.C. § 6320. Petitioner states that he received a demand notice from the FLU on or about August 3, 2012, demanding payment of court-ordered restitution. He attaches the demand notice. ECF No. 294 at 1, 4, 6. Petitioner states that he satisfied the demand by providing a bond; he attaches the purported bond and proof of mailing. Id. at 1, 9, 11-13. When the FLU failed to notify him that his lien had been released upon receipt of the bond, defendant requested an "Other Evidentiary Hearing" pursuant to 26 U.S.C. § 6320. A copy of the request, an undated IRS Form 12153, is attached to defendant's Motion to Expedite Consideration. ECF No. 299 at 4-5. Because he has not received such a hearing, petitioner seeks a writ of mandamus compelling one. ECF No. 294 at 2.

II.     Standards Governing Mandamus Relief

The district courts have "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." 28

U.S.C. § 1361. However, mandamus is an extraordinary remedy. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994). It is "available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997). Where these requirements are not met, the district court lacks mandamus jurisdiction. Stang v. Internal Revenue Serv., 788 F.2d 564 (9th Cir. 1986). The decision to grant mandamus relief is discretionary, even if all three elements are satisfied. Oregon Natural Resources Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995).

### III. Analysis

Petitioner does not meet the threshold requirements for mandamus relief. First, his claim is far from clear and certain. To the contrary, the claim is legally frivolous. Petitioner seeks an order compelling the FLU of the U.S. Attorney's Office to provide a type of hearing in relation to a restitution obligation that is available only from the IRS in relation to a lien imposed directly by that agency under the Federal Tax Lien Act. See generally, 26 U.S.C. §§ 6320-6327.[2] Specifically, § 6320 provides for notice and an opportunity for hearing when the IRS files a tax lien pursuant to § 6321. Section 6330, which petitioner cites in his Motion to Expedite Consideration, provides the same notice and opportunity for hearing requirements in the context of tax levies. The form that petitioner submitted to request a hearing, IRS Form 12153 (Request for a Collection Due Process Hearing or Equivalent Hearing), states on its face that such hearings may be requested from the IRS Office of Appeals in response to various specific IRS notices of tax lien filings and/or levies. ECF No. 299 at 4. The demand notice that petitioner received from the FLU regarding criminal restitution is not an IRS notice of tax lien filing or levy, and therefore

---

[2] The Department of Justice has distinct statutory authority to record liens and initiate other collection efforts to satisfy criminal restitution orders. See 18 U.S.C. § 3613(c), (f); see also 18 U.S.C. § 3664(m)(1)(A). The United States may enforce a judgment for restitution pursuant to "practices and procedures for the enforcement of a civil judgment under Federal law or State law" and also "by all other available and reasonable means." 18 U.S.C. §§ 3613(a), 3664(m)(1)(A)(ii). An order of restitution becomes a lien in favor of the United States on all property of the defendant at the time of entry of judgment. 18 U.S.C. § 3613(c); see also United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993).

3

did not trigger any protections under § 6320 or § 6330. In sum, petitioner's factual allegations and supporting documents do not establish a clear and certain claim for relief. Rather, the relief he seeks is legally unavailable.

Moreover, petitioner's claim rests on the factual premise that his financial obligation to the government was extinguished by his presentation of a bond. However, it is clear from the face of petitioner's Exhibit A that this document had no actual value or legal effect. The certificate is titled "Private Registered Bond for Investment," with a purported value of "One Hundred Million U.S. Dollars," and states that it is a "Private Registered Self-Backed Bond Based On Future Earnings In Re: Live Birth # [number illegible] for Investment at the Discretion of the Secretary of the Treasury/U.S. Department of the Treasury as Fiduciary." ECF No. 294 at 9. Mr. Eddings is named as the "Trustee/Secured Party." Id.[3] This certificate is not a legitimate financial instrument, and its presentation can have no effect on petitioner's restitution obligation or give rise to a right to a hearing of any kind.

Second, the government's duty to provide the requested hearing is not "free of doubt." To determine whether such a duty exists, the court must look to the entire Act at issue. Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986). Plaintiff seeks to enforce an alleged duty to provide a hearing under the Internal Revenue Code, but the hearing provisions of that code apply only where the IRS has itself initiated specific types of liens and levies. Because petitioner has not demonstrated that he is subject to an IRS lien or levy, it is highly doubtful that the government has any duty to provide a § 6320 or § 6330 hearing.[4] Moreover, the cited sections of the Internal

---

[3] The language of this certificate suggests the "Redemptionist" philosophy associated with the sovereign citizen movement, which posits that citizens of the United States have been placed as collateral in bond for the security of the U.S. Department of the Treasury. Redemptionists assign imaginary Treasury account numbers to individuals, and assert that these direct treasury accounts have a balance equal to the monetary value that the government places on the life of the individual. Bogus financial instruments are then used to draw on the direct treasury accounts. See, generally, Ray v. Williams, 2005 U.S. Dist. LEXIS 45513, at *12-16 (D. Ore. Mar. 24, 2005) (and cases cited therein). The court notes further that petitioner appears to have returned the FLU demand letter stamped "accepted for value and consideration – exempt from levy," and with similar language referencing a "prepaid account." ECF No. 294 at 4-7.

[4] The government acknowledges that it recorded a judgment lien against petitioner's property in September 2012. See ECF No. 306 at 2.

4

Revenue Code do not authorize the FLU, which plaintiff names as respondent, or any other subdivision of the Department of Justice, to conduct tax lien hearings under § 6320 or § 6330. Nor does the statutory scheme at issue here address or apply to liens arising from an order of criminal restitution. For all these reasons, petitioner has not demonstrated that the government has any duty at all to provide the requested hearing – let alone a duty that is "nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt." Patel v. Reno, 134 F.3d at 931.

Third, adequate remedies exist to protect petitioner's rights vis-à-vis restitution and any outstanding tax liabilities. The Internal Revenue Code provides an administrative appeal process for tax liens. 26 U.S.C. § 6326. To the extent that petitioner wishes to contest the validity of any tax lien that exists independently of his criminal restitution obligation, he thus has an adequate remedy available. As to his restitution obligation, petitioner's rights were thoroughly protected in the criminal sentencing process, and appellate review was available for any errors in the assessment of restitution. Petitioner received the process he was constitutionally due in relation to his restitution obligation at sentencing. To the extent petitioner now wishes to contest the methods by which the FLU seeks to collecting that debt, alternative remedies also exist. Generally, district courts have jurisdiction under 28 U.S.C. § 2241 to entertain challenges to the collection of fines and restitution payments, which involve the execution of sentence. See, e.g., Montano-Figueroa, 162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); see also United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (reaching the merits of petitioner's 2241 claim regarding participation in Inmate Financial Responsibility Program).[5] Because alternative remedies exist, mandamus will not lie.

Because petitioner fails to meet the prerequisites for relief, he has failed to establish mandamus jurisdiction. See Stang, 788 F.2d at 564-65. In the alternative, petitioner has failed to state a claim for mandamus relief. The fact that some of petitioner's restitution is owed for tax

---

[5] Of course, any § 2241 petition based on the alleged satisfaction of petitioner's restitution obligation by the purported bond at Exhibit A would be subject to summary dismissal as frivolous. As explained above, Exhibit A is not a negotiable instrument.

evasion does not convert his restitution balance into a tax lien that implicates the hearing provisions of the Internal Revenue Code. The restitution order creates a lien on defendant's property as a matter of law, 18 U.S.C. § 3613(c), and plaintiff's submission of a bogus bond has no effect on the ongoing validity of that lien. Accordingly, the petition is frivolous and should be denied on the merits.

## CONCLUSION

Accordingly, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Motion for Expedited Consideration, ECF No. 299, be GRANTED; and
2. The Petition for Writ of Mandamus, ECF No. 294, be DENIED for lack of jurisdiction and, in the alternative, for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE