UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DUANE ALLEN EDDINGS,<br><br>        Defendant. | No.  2:09-cr-00074-JAM-AC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

    Before the Court is Defendant Duane Allen Eddings' ("Defendant") Motion for Compassionate Release in light of the current COVID-19 pandemic.  Mot., ECF No. 323.  The United States ("Government") filed an opposition.  Opp'n, ECF No. 284. Defendant obtained appointed counsel after filing his pro se motion and filed a reply memorandum in support of that motion. Reply, ECF No. 336.  For the reasons set forth below the Court DENIES Defendant's motion.

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Defendant was convicted by a jury on: (1) four counts of mail fraud, (2) one count of wire fraud, and (3) three counts of

1

money laundering, all in relation to a Ponzi scheme. Verdict, ECF No. 149. The jury also convicted him of: (1) two counts of mail fraud in relation to a fraudulent bankruptcy, and (2) three counts of tax evasion. Id. Defendant's prior criminal history includes: (1) a 1994 conviction for corporal injury on a spouse, and (2) a 2000 conviction for a false worker compensation insurance claim. Pre-Sentencing Report, ECF No. 241, at 13.

This Court originally sentenced Defendant in 2012. Judgment, ECF No. 283, at 1. However, Defendant appealed, and the Ninth Circuit remanded the case for resentencing. U.S. v. Brown, 771 F.3d 1149, 1163 (9th Cir. 2012). This Court then resentenced Defendant on May 17, 2016 to 168 months of imprisonment and $5.888 million in restitution. Judgment at 3.

Defendant was remanded into custody on the date of his original sentencing, April 24, 2012. Opp'n, Exh. 1, ECF No. 326-1, at 4. He is presently incarcerated at FCI Lompoc. Mot. at 2. Defendant has since served eight years—57% of the sentence this Court imposed. Id. at 4. His projected release date is March 25, 2024. Id. at 1.

On March 13, 2020, President Trump declared a national emergency concerning the COVID-19 global outbreak. See *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, THE WHITE HOUSE (March 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/. Because of the severity posed by this pandemic, the U.S. Attorney General ordered the Bureau of Prisons (BOP) to prioritize home

1  confinement when appropriate "to protect the health and safety of
2  BOP personnel and the people in [] custody."  The Attorney
3  General, *Prioritization of Home Confinement As Appropriate in*
4  *Response to COVID-19 Pandemic, Memorandum for Director of Bureau*
5  *Prisons*, OFFICE OF THE ATTORNEY GENERAL (March 26, 2020),
6  https://www.themarshallproject.org/documents/6820452-Memorandum-
7  from-Attorney-General-to-BOP-re-Home.  A few days later,
8  Defendant submitted a request to the BOP seeking this remedy
9  given that he is "60 years old, convicted of a non-violent, non-
10 sexual offender crime, suffering from Asthma, Respiratory, and
11 Immune Disorder, Hypertension, and require[s] a Respironics CPAP
12 machine in order to breathe which places [him] at heightened risk
13 from COVID-19 [] exposure."  Mot. at 5.  The BOP denied his
14 request.  Defendant now asks the Court for that same remedy.  See
15 Mot.  Specifically, he asks the Court to reduce his sentence to a
16 period of time served, plus the 36-month period of supervised
17 release previously imposed.  Reply at 15.
18     Since Defendant filed his request with the Court on April
19 27, 2020, the COVID-19 condition at FCI Lompoc worsened.  At the
20 time of his filing, Defendant stated 96 inmates had contracted
21 the virus.  Mot. at 1.  But as of May 17, 2020, nearly 96% of
22 prisoners at FCI Lompoc have tested positive—including Defendant.
23 See Reply at 1; see also Alex Wigglesworth, *Officials Mishandled*
24 *Coronavirus Outbreaks at Lompoc and Terminal Island Prisons,*
25 *Lawsuits Claims*, LOS ANGELES TIMES (May 17, 2020),
26 https://www.themarshallproject.org/documents/6820452-Memorandum-
27 from-Attorney-General-to-BOP-re-Home.  The Court held a video
28 hearing on Defendant's motion on May 22, 2020.  Minutes for

Proceeding, ECF No. 342. Prior to the hearing the parties submitted supplemental evidence regarding Defendant's medical condition and the conditions at FCI Lompoc. ECF Nos. 339-340. At the conclusion of the hearing the Court denied Defendant's motion. It now writes to further explain its decision. Id.

## II. OPINION

### A. Legal Standard

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824-25(2010). Passed in 2018, the First Step Act (FSA) modified 18 U.S.C. Section 3582 to grant federal courts such authority under certain exceptions. 18 U.S.C. § 3582(c)(1)(A). To file a motion for modification with the court, a Defendant must first submit a request for release with the Bureau of Prisons ("BOP"). Id. A defendant must then exhaust administrative remedies by either (1) administratively appealing an adverse result or (2) waiting for 30 days to pass. Id. Only then may a Defendant, or the Director of the BOP, file a motion for modification. Id. The court can then modify the term of imprisonment after considering any relevant factors set forth in Section 3553(a), and if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Analysis

#### 1. Exhaustion Requirement

As a threshold matter, a defendant must generally exhaust his administrative remedies before the Court can address the

merits of a motion for compassionate release.  See U.S. v. Kesoyan, No. 2:15-cr-00236-JAM, 2020 WL 2039028, at *2 (E.D. Cal. April 28, 2020).  The Government concedes that Defendant has met this threshold requirement.  Opp'n at 8.  The Court agrees and therefore focuses on the merits of his claim.

        2.   Extraordinary and Compelling Circumstance

Defendant's motion hinges on whether the risks presented by COVID-19, coupled with his health conditions, constitute "extraordinary and compelling reasons" for his release and reduction in sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

When Defendant initially filed this motion, the parties submitted primarily generalized evidence regarding conditions at FCI Lompoc and the possible risks Defendant faced if he were to remain at this prison, including possibly contracting COVID-19. Those risks are no longer hypothetical—Defendant tested positive for the virus on May 11, 2020.  Def.'s Suppl. Evidence, ECF No. 339-1, Exh. 1, at 3.  And while Defendant does suffer from medical conditions that could place him at a higher risk of complications—such as asthma, hypertension, and obesity—he remains asymptomatic to this day. Gov.'s Suppl. Evidence, ECF No. 340, at 1.  In fact, the Government submitted a compelling and detailed declaration from the Health Services Administrator at Lompoc, detailing the treatment Defendant is currently receiving and the measures the facility is implementing to battle its current COVID-19 outbreak.  See id., ECF No. 340-1, Exh. A.  Defendant currently receives daily symptom and temperature checks and has fortunately not suffered from any COVID-19 related symptoms.  Id.

The Court recognizes that the measures FCI Lompoc initially implemented to control the spread of COVID-19 largely failed as over 96% of people housed in that facility have tested positive for the virus. See *Officials Mishandled Coronavirus Outbreaks at Lompoc*, supra. But based on the evidence currently before this Court, it appears FCI Lompoc is adequately monitoring and caring for Defendant. And given that he has had the virus for over 10 days now without complications, the Court cannot find Defendant's situation to be an "extraordinary or compelling circumstance" that warrants his release. Contra USA v. Fischman, No. 16-cr-00246-HSG-1, 2020 WL 2097615, at *2 (N.D. Cal. 2020 WL 2097615)(finding "extraordinary and compelling reasons" existed where defendant had contracted the virus and was asymptomatic, because unlike here, the government did not provide details regarding specific treatment status or conditions at the facility).

### III.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Compassionate Release.

IT IS SO ORDERED.

Dated: May 22, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6